
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 11-80155-CR-MARRA/HOPKINS(s)(s)

FILED by _____ D.C.

MAR 1 3 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA

    Plaintiff,

vs.

TOTAL HEALTH & REJUVENATION CENTER, INC.,
    d/b/a THE TOTAL HEALTH & REJUVENATION CENTER,

    Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Total Health & Rejuvenation Center, d/b/a The Total Health & Rejuvination Center, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees waive indictment and to plead guilty to counts three and four of the superseding information which charges the defendant with conspiracy to distribute anabolic steroids and conspiracy to distribute human growth hormone, in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter

1

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

"Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

    3.    The United States and the defendant agree that the a non-binding recommendation of five years of probation will be made to the court which includes as a condition of probation that defendant will not be in the business of selling anabolic steroids and human growth hormone, invest in any companies engaged in the business of selling anabolic steroids or human growth hormone or promote the use of anabolic steroids or

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

human growth hormones for any purpose.

4. The Office of the United States Attorney for the Southern District of Florida reserves the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background.

5. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make these motions and recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The United States and the defendant understand and agree that the court may impose any sentence authorized by law and that the defendant may not withdraw his plea solely as a result of sentence imposed. The defendant also understands and acknowledges that the court may impose a not less than 1 year nor more than 5 years of probation as to count one of the information. In addition to a term of imprisonment or probation, the Court may impose a fine of up to $2.5 million as to Count 3 and up to $500,000 as to Count 4.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 6 of this agreement, a special assessment in the amount of $~~4~~400 [400.—] as to each count, for a total of $~~2~~00 [800.—] will be imposed at the time of sentencing. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. *[handwritten initials: N]*

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

4

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's guilty plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation jointly made by both the defendant and the government.

## SENTENCING APPEAL WAIVER

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section

5

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

3742, to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentence Guidelines. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

*United States v. The (or Total) Health and Rejuvenation Corporation*
*Plea Agreement*

11. This agreement and understanding between the United States and the defendant is the entire agreement between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3/13/2013    By: _____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

Date: 3/13/13    _____
THERESA M.B. VAN VLIET

Date: 3/13/2013    _____
DONALD MONTANO
Corporate Representative

Date: 3-13-13    _____
JACK GOLDBERGER

Date: 3·13·13    _____
KEVIN JOHNSON
Corporate Representative

7